IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| INDACON, INC. | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | Civil Action No. 5:10-CV-966-OLG |
| | § | |
| FACEBOOK, INC. | § | **JURY DEMAND** |
| | § | |
| DEFENDANT. | § | |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Indacon, Inc. ("Indacon") files this Second Amended Complaint for damages against Facebook, Inc. ("Defendant"). In support of its Second Amended Complaint, Indacon shows as follows:

**THE PARTIES**

1.  Indacon is a corporation duly organized and existing under the laws of Texas, having its principal place of business located in San Antonio, Texas.

2.  Defendant, Facebook, Inc., is a Delaware corporation with a principal place of business located at 1601 S. California Avenue, Palo Alto, California 94304. Defendant's agent for service of process is: Corporation Service Company, doing business as CSC – Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

**JURISDICTION**

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*. This Court has personal jurisdiction over the Defendant in that it has committed acts within Texas and this judicial district giving rise to this action and the Defendant has

established minimum contacts with the forum such that the exercise of jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice.

## VENUE

4. Defendant has committed acts within this judicial district giving rise to this action and does business in this district, including advertising or otherwise soliciting customers and/or users in this district and/or providing services to its customers and/or users in this district. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b), 1391(c), and 1400(b).

## COUNT I -- INFRINGEMENT OF U.S. PATENT NO. 6,834,276

5. On December 21, 2004, United States Patent No. 6,834,276 (the "'276 Patent") was duly and legally issued for an invention entitled "Database System and Method for Data Acquisition and Perusal." A true and correct copy of the '276 Patent is attached hereto as Exhibit A. Indacon is the Assignee of the '276 Patent and has the right to sue on and seek enforcement of the '276 Patent. Indacon has owned the '276 Patent at all times relevant to this complaint and still owns the '276 Patent.

6. Upon information and belief, Defendant has infringed and continues to infringe the '276 Patent, directly and by contributorily infringing and by inducing infringement by others. Defendant has infringed at least claims 1-4 and 8-11 of the '276 patent either literally or under the doctrine of equivalents, although discovery may show that Defendant infringes still other claims, in which case Plaintiff will seek to amend this Complaint. The infringing acts include, but are not limited to, making, using, selling, or offering for sale the Facebook system incorporating linking, perusal, and search features, and/or services offered in relation to the Facebook system. Accused features and functionality of the Facebook system include, but are not limited to, a module that enables the selection of a plurality of profiles to be included among

a user's friends or interests, a module that enables defining a display name associated with a profile and defining text or graphics as an alias for the display name, a module that enables generation of a searchable index of data in the profiles, including the display name, and a module that enables searching of data in the profiles.   Defendant is liable for infringement of the '276 Patent pursuant to 35 U.S.C. § 271.

7. With regard to Defendant's indirect infringement, the direct infringers include, but are not limited to, Defendant's employees, users, and customers.  Defendant has had knowledge of the '276 Patent since at least as early as the date Defendant was served with a copy of Plaintiff's original Complaint including a copy of the '276 Patent, and Defendant continues to contributorily infringe the '276 Patent and induce infringement by others.  Defendant has knowingly induced, and continues to knowingly induce, infringement of the '276 Patent by taking active steps to encourage its employees, users, customers, and others to infringe the '276 Patent, such steps including, but not limited to, promoting infringing uses of the Facebook system and instructing others how to engage in infringing use of the Facebook system.  Upon information and belief, since at least as early as the date Defendant was served with a copy of Plaintiff's original complaint, Defendant knew or should have known that its actions would induce actual infringement of the '276 Patent and Defendant had, and continues to have, the specific intent to encourage infringement of the '276 Patent.  The Facebook system, including, but not limited to, the features and functionality described in the foregoing paragraph, has no substantial noninfringing use and is a material part of the invention recited in at least claims 1-4 and 8-11 of the '276 Patent.  Upon information and belief, Defendant has known that the Facebook system infringes the '276 Patent since at least as early as the date Defendant was served with a copy of Plaintiff's original Complaint.

8. Upon information and belief, Defendant's infringement of the '276 Patent is and has been willful and deliberate since at least as early as the date Defendant was served with a copy of Plaintiff's original Complaint.

9. Upon information and belief, Defendant's acts of infringement have caused damage to Indacon, and Indacon is entitled to recover from Defendant the damages sustained by Indacon as a result of Defendant's wrongful acts in an amount subject to proof at trial.

## **COUNT II -- INFRINGEMENT OF U.S. PATENT NO. 7,836,043**

10. On November 16, 2010, United States Patent No. 7,836,043 (the "'043 Patent") was duly and legally issued for an invention entitled "Database System and Method for Data Acquisition and Perusal." A true and correct copy of the '043 Patent is attached hereto as Exhibit B. Indacon is the Assignee of the '043 Patent and has the right to sue on and seek enforcement of the '276 Patent. Indacon has owned the '043 Patent at all times relevant to this complaint and still owns the '276 Patent.

11. Upon information and belief, Defendant has infringed and continues to infringe the '043 Patent, directly and by contributorily infringing and by inducing infringement by others. Defendant has infringed at least claims 19 and 21 of the '043 patent either literally or under the doctrine of equivalents, although discovery may show that Defendant infringes still other claims, in which case Plaintiff will seek to amend this Complaint. The infringing acts include, but are not limited to, making, using, selling, or offering for sale the Facebook system incorporating linking, perusal, and search features, and/or services offered in relation to the Facebook system. Accused features and functionality of the Facebook system include, but are not limited to, enabling users to select a plurality of profiles to be included among their friends or interests, enabling users to designate a display name associated with a profile, enabling users to annotate

photographs associated with the selected profiles, generating a searchable index of data in the profiles including annotations, searching the index according to search criteria, and displaying portions of profiles that meet the search criteria.  Defendant is liable for infringement of the '043 Patent pursuant to 35 U.S.C. § 271.

12. With regard to Defendant's indirect infringement, the direct infringers include, but are not limited to, Defendant's employees, users, and customers.  Defendant has had knowledge of the '043 Patent since at least as early as the date Defendant was served with a copy of Plaintiff's original Complaint including a copy of the '043 Patent, and Defendant continues to contributorily infringe the '043 Patent and induce infringement by others.  Defendant has knowingly induced, and continues to knowingly induce, infringement of the '043 Patent by taking active steps to encourage its employees, users, customers, and others to infringe the '043 Patent, such steps including, but not limited to, promoting infringing uses of the Facebook system and instructing others how to engage in infringing use of the Facebook system.  Upon information and belief, since at least as early as the date Defendant was served with a copy of Plaintiff's original complaint, Defendant knew or should have known that its actions would induce actual infringement of the '043 Patent and Defendant had, and continues to have, the specific intent to encourage infringement of the '043 Patent.  The Facebook system, including, but not limited to, the features and functionality described in the foregoing paragraph, has no substantial noninfringing use and is a material part of the invention recited in at least claims 19 and 21 of the '043 Patent.  Upon information and belief, Defendant has known that the Facebook system infringes the '043 Patent since at least as early as the date Defendant was served with a copy of Plaintiff's original Complaint.

13. Upon information and belief, Defendant's infringement of the '043 Patent is and has been willful and deliberate since at least as early as the date Defendant was served with a copy of Plaintiff's original Complaint.

14. Upon information and belief, Defendant's acts of infringement have caused damage to Indacon, and Indacon is entitled to recover from Defendant the damages sustained by Indacon as a result of Defendant's wrongful acts in an amount subject to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Indacon prays for judgment and seeks relief against Defendant as follows:

(a) For Judgment that the '276 Patent has been and continues to be infringed by Defendant;

(b) For Judgment that the '043 Patent has been and continues to be infringed by Defendant;

(c) For an accounting of all damages sustained by Indacon as the result of the acts of infringement by Defendant, but not less than a reasonable royalty under 35 U.S.C. § 284;

(d) For actual damages together with prejudgment interest;

(e) For enhanced damages pursuant to 35 U.S.C. § 284;

(f) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(g) For all costs of suit; and

(h) For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Indacon, Inc. demands a jury trial.

Date: February 16, 2011                              **AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ R. Laurence Macon*
_____
R. LAURENCE MACON
State Bar No. 12787500
lmacon@akingump.com
KIRT S. O'NEILL
State Bar No. 00788147
koneill@akingump.com
JANIE A. SHANNON
State Bar No. 00797416
jshannon@akingump.com
DANIEL MOFFETT
State Bar No. 24051068
dmoffett@akingump.com
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: (210) 281-7000
Fax: (210) 224-2035

**ATTORNEYS FOR PLAINTIFF
INDACON, INC.**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served electronically in compliance with Local Rule CV-5(a). As such, the foregoing document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1). Pursuant to Fed. R. Civ. P. 5(a)-(d) and Local Rule CV-5(b)(2), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 16th day of February, 2011.

                                                          R. LAURENCE MACON