FILED

MAY 09 2011

CLERK, U.S. DISTRICT ~~~
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| INDACON, INC. | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | Civil Action No. 5:10-CV-966-OLG |
| | § | |
| FACEBOOK, INC. | § | |
| | § | |
| DEFENDANT. | § | |

---

**AGREED PROTECTIVE ORDER**

---

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED THAT:**

1.      "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only" by any of the producing or receiving parties (producing parties include not only parties to this action, but also any third-parties which, whether voluntarily or pursuant to subpoena, disclose, testify about, produce or make available for inspection any Classified Information), whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.  In designating information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," a party will make such designation only as to the information that it in good faith believes contains confidential information.  Information or material which is available to the public, including catalogues, advertising materials, and the like

1

shall not be classified.  Only computer source code or the substance thereof, or documents excerpting portions of such code, that comprise confidential information not available to the public may be designated "Highly Confidential Source Code – Outside Counsel Only."

2.      Subject to paragraphs 21 and 22 herein, all Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

3.      "Qualified Persons," as used herein means:

(a)      Counsel of record for the parties in this litigation, including attorneys, paralegals, technical specialists, and clerical employees of such counsel to whom it is necessary that the material be shown for purposes of this litigation, and professional litigation support vendors utilized by counsel of record for purposes of this litigation, including but not limited to copy, graphics, translation, database, and/or trial support and/or trial consulting services and any mock jurors hired by trial consultants;

(b)      Actual or potential independent technical experts or consultants who have been designated in writing by notice to all counsel of record prior to any disclosure of "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only" information to such persons and who have signed a document agreeing to be bound by the terms of this protective order, and their staff (e.g., employees and not external consultants) and clerical employees assisting in the litigation, provided that Classified Information may not be disclosed to any individuals under this section (b) unless and until the provisions of Paragraph 4 below are satisfied;

(c)     The party or two party representatives (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document agreeing to be bound by the terms of this Protective Order, which document shall be served to all counsel of record;

(d)     Anyone testifying at trial or at deposition in this matter who is (i) a current officer, director or employee of the party producing Classified Information; (ii) a person designated by the producing party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; (iii) any person who authored, previously received or was directly involved in the matter(s) addressed in the Classified Information, as evident from its face or reasonably certain in view of other testimony or evidence; and (iv) as to information provided by a named inventor of the patent-in-suit, or by an attorney, agent, parent of affiliate of Plaintiff, the Plaintiff's Rule 30(b)(6) designee; and (v) any other individual where the producing party has specifically consented to the disclosure of Classified Information to the individual.  Persons authorized to view Classified Information pursuant to this sub-paragraph shall not retain or be given copies of the Protected Material except while so testifying.

(e)     Mediators appointed by this Court or agreed to by the parties.  If a mediator is provided "Classified Information," the providing party shall obtain all copies of Classified Information provided to such mediator at the conclusion of the mediation; and

(f)     The Court, its technical advisor (if one is appointed), court personnel, the jury, court reporters and/or videographers who record testimony or other proceedings in this action, and, if this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties.

4.      (a) Unless otherwise ordered by the court or agreed to in writing by the producing party, a party that seeks to disclose to an expert or other individual under paragraph 3(b) above any information or item that has been designated "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential Source Code – Outside Counsel Only" first must make a written request to the producing party that (1) identifies the general categories of Classified Information that the party seeks permission to disclose to the individual(s), (2) sets forth the full name of each individual and the city and state of his or her primary residence, (3) attaches a copy of each individual's current resume, (4) identifies each individual's current employer(s), and (5) identifies each person or entity from whom the individual has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding four years, provided, however, that for work or funding subject to confidentiality obligations, the expert will provide general information that can be disclosed without violating any corresponding confidentiality obligation, (6) identifies (by name of the case, date of the case to the extent known, and location of court) any litigation in connection with which the individual has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) identifies, by serial number and title, any pending patent application on which the individual is a named inventor or in whose prosecution the individual is substantively involved.

(b)     A party that makes a request that provides the information specified in the preceding respective paragraphs may disclose the subject Classified Information to the identified individual unless, within four (4) business days of delivering the request, the party receives a written objection from the producing party of the Classified Information.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A party that receives a timely written objection must meet and confer with the producing party (through direct voice to voice dialogue) to try to resolve the matter by agreement within three (3) business days of the written objection.  If no agreement is reached, the party opposing the disclosure may file a motion seeking protection  from the Court.  In any such proceeding, the party opposing disclosure shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the Classified Information to the individual.  If no such motion seeking protection from the Court is filed within five (5) business days of the conclusion of the meet and confer, then the disclosure may be made as proposed by the receiving party.

5.     Documents or tangible items produced in this action may be designated by any party or parties as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only" information by marking each page of the document(s) or tangible item(s) so designated with a stamp stating "Confidential," or "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only."   If the document(s) or tangible item(s) do not have pages to mark, the producing party shall mark the document(s) or item(s) in another reasonable and conspicuous way.

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

6.     Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by notifying all of the parties in writing within ten (10) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Highly Confidential – Attorneys' Eyes Only" for a period of ten (10) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only", with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript.

7.     (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "Highly Confidential – Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a), (b), (d), (e) and (f) above. Information designated as "Highly Confidential Source Code – Outside Counsel Only" shall be restricted in circulation to counsel of record for the parties in this litigation, employees of counsel of record only as necessary to assist counsel of record in accordance with Paragraph 8 below, Qualified Persons described in Paragraphs 3(b), (d) and (f), and trial consultants hired by counsel of record who have signed a document agreeing to be bound by the terms of this protective order.

(b)     Copies of "Highly Confidential – Attorneys' Eyes Only" information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraphs 3(b) above, shall be maintained only at the office of such Qualified Persons and only working copies shall be made of any such documents.

(c)     Each party's outside counsel shall maintain a log of all copies of "Highly Confidential – Attorneys' Eyes Only" and "Highly Confidential Source Code – Outside Counsel

Only" information and documents which are delivered to any one or more Qualified Persons of Paragraph 3(b) above.

8.     Unless the producing party agrees otherwise, "Highly Confidential Source Code – Outside Counsel Only" information shall be subject to the following additional restrictions and protections:

(a)     Source code in electronic format may be made available for inspection at the San Antonio, Texas office of the producing party's outside counsel of record.  The producing party shall make the source code available for inspection within a reasonable amount of time after receiving a request for inspection from the receiving party.  Said source code shall be made available Monday through Friday (excluding holidays) between the hours of 8:30 a.m. and 5:00 p.m. local time.   Should the situation arise where the receiving party needs access to the source code at a time or on a day not provided for herein, the receiving party may request access to the source code on the specified dates and times, and such access will not be unreasonably denied by the producing party.  The receiving party shall inspect the source code in private, without any agents or representatives of the producing party in attendance, after the producing party has reasonably ensured that no unauthorized transmission or recording devices are brought into the source code inspection room.

(b)     Unless the parties agree otherwise, each producing party shall load its source code on a non-networked computer ("Source Code Computer") that is password protected and maintained in a secure, locked area, in a private room having a private telephone landline; the Source Code Computer shall not be connected to the phone line. The Source Code Computer shall have a commercially reasonable processing speed and have all ports disabled, except for a

printer port used to connect the computer to a printer. The Source Code Computer shall have two displays of a sufficient size to facilitate the review of the source code. One of the two displays may be a laptop display if the Source Code Computer is a laptop. The producing party shall make available a printer with commercially reasonable printing speeds for on-site printing during inspection of the code. All source code print outs must be made in accordance with the provisions of (e) below.

(c)     The source code shall be stored on the Source Code Computer in its native form and in its native directory structure as the source code is organized and kept in the ordinary course of business. The source code shall also be organized so that the product, version, and edition with which the source code is associated is readily discernible.

(d)     The producing party shall provision the Source Code Computer with applications, programs, and utility software sufficient to review and analyze the source code. The Producing Party shall also provision the Source Code Computer with such other information, including but not limited to, passwords or key codes, necessary to allow the review and analysis of the source code by the receiving party. The receiving party may request that the producing party install on the Source Code Computer certain tools, utilities or programs of the receiving party's choosing to aid the receiving party in its review, analysis and searching of the source code, and the producing party shall comply with all such reasonable requests. If requested by the receiving party, the producing party will also install on the Source Code Computer any software that the producing party's expert(s) will use for review and analysis. If the producing party will be installing software tools requested by the receiving party the receiving party must provide the producing party with the installers/executable for such software tool(s) at least two business days in advance of the inspection. The receiving party shall incur all costs associated with the

installation of such requested software tools, including, but not limited to, any shipping costs. Upon notice by the receiving party of a deficiency in the applications, programs, utility software and other information provided by the producing party at the fault of the producing party, including, but not limited to, passwords or key codes, the producing party shall remedy the deficiency at its own costs as soon as possible to allow the review of the source code by the receiving party.

(e)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  No other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Receiving Party may print limited portions of the Source Code when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report and infringement contentions). The Receiving Party shall not print Source Code in order to review blocks of Source Code in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer.  Should the Producing Party object at any time on the basis that the Receiving Party has printed an amount of source code that, in the aggregate, is unreasonable in light of either of the two preceding sentences, the parties agree that the Producing Party may seek a protective order on an expedited basis on the following schedule: any opposition papers shall be due five business days after the filing of the request, and any reply papers shall be due three business days after the filing of the opposition, with no surreplies.  All Source Code shall be printed on paper provided by the Producing Party that is pre-marked "Highly Confidential Source Code – Outside Counsel Only" and Bates numbered.  The reviewer shall tender the printed Source Code to the Producing Party's outside San Antonio, Texas counsel of record (without retaining the printed Source Code) along with a written request by the outside

local counsel for the Receiving Party that includes (i) the Bates number of the printed Source Code for which copies are requested; (ii) the number of copies requested; and (iii) a certification as to the intended use of each copy for the purpose of attaching the printed Source Code to court filings, expert reports, or infringement contentions, or for use as exhibits at depositions or at trial. The Producing Party has two (2) business days to object to the portions printed as unreasonable either because the portion of the Source Code printed is not relevant to this Action or because the printed portion does not comply with this paragraph or to object to the written request as unreasonable.  If the Producing Party does not object during the objection period, outside local counsel of record for the Producing Party shall promptly deliver the requested copies of the printed Source Code to the office of the Receiving Party's outside local counsel of record.  Such copies may, at the election of the Producing Party, be made on non-copyable paper, but each copy shall bear the Bates numbers corresponding to the Bates numbers of the original printed Source Code.  If the Producing Party objects only to a portion of the printed source code or to the number of copies requested, then the Receiving Party is entitled to receive such portions and/or copies of the portions of the printed source code that were not subject to the Producing Party's objection.  If the Producing Party objects to the reasonableness of the printed portion, then the Receiving Party shall destroy and certify that the printed portion objected to has been destroyed. The Producing Party shall meet and confer with the Receiving Party within two (2) business days of asserting the objection in an attempt to resolve the objection.  Absent agreement, the Producing Party has five (5) business days from the conclusion of the meet and confer to file a motion for a protective order with the Court.  If the Producing Party fails to meet and confer with the Receiving Party within two (2) business days of asserting the objection (despite the availability of the Receiving Party) or fails to file a motion for a protective order with the Court

within five (5) business days of the conclusion of the meet and confer, then it waives its objection to the Source Code and shall immediately produce copies of the printed Source Code to the Receiving Party.  Further, failure to object to the printing of such source code within the two (2) business day period provided for by this sub-paragraph is not a waiver of a Producing Party's objections to use of such source code in court filings, expert reports, infringement contentions, or exhibits used at depositions or at trial for any reason, including but not limited to relevance.

(f)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Producing Party shall be entitled to review the record after the litigation has ended or by Court order upon a showing of good cause.

(g)     The Receiving Party shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  The Producing Party shall be entitled to review the log after the litigation has ended or by Court order upon a showing of good cause.

(h)     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that reasonably prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(i)     To the extent that any transmission of printed copies of any Source Code is explicitly permitted or otherwise explicitly agreed to in writing by the Producing Party, such

transmission shall be accomplished in one or both of the following manners, at the election of the Producing Party:

(1)     Written copies of any Source Code may be transmitted by trackable Federal Express or hand courier providing for package tracking through unique tracking numbers. The authorized Receiving Party must keep the printouts under lock and key when not reviewing them.

(2)     The authorized Receiving Party may scan the written copies of any Source Code, encrypt the resulting image (using, for example, TrueCrypt software), and send the encrypted image. The authorized Receiving Party may decrypt the image only when needed and must re-encrypt or destroy the file when review is complete or not in progress.

(j)     Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; absent agreement of the Producing Party, rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall be securely destroyed in a timely manner following the deposition.

(k)     Except as otherwise expressly provided, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any copy or display of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead),

and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such filing will not be made absent agreement from the Producing Party that the confidentiality provisions will be adequate.

(l)     Notwithstanding any other provision herein, "Highly Confidential Source Code – Outside Counsel Only" material shall not leave the geographic boundaries of the continental United States.

9.     Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within twenty (20) days of the entry of this Order.  Documents unintentionally produced without proper designation as Classified Information may be retroactively designated by notice in writing of the designated class of each document by Bates number and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "Highly Confidential – Attorneys' Eyes Only" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only" as may be applicable, by the producing party.

10.   Prosecution Bar.  Absent written consent from the Producing Party, any individual to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information of a technical nature is disclosed (including oral or written summaries or other derivatives of either category of designated material) shall not be involved in the prosecution of patent applications for inventions relating to (i) social networking, (ii) data acquisition and perusal systems for databases, (iii) member-targeted location-based services, (iv) member-targeted internet-based advertising, or (v) virtual currencies, including without limitation any patent application claiming priority to (or sharing any priority claim or parent patent application with) the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent claims.[1]  This Prosecution Bar shall begin when access to  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information of a technical nature is first reviewed by the affected individual and shall end  twenty-one (21) months after the earlier of (i) final termination of this action, or (ii) receipt by the Producing Party of a written certification by the affected individual that he or she will have no further access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information of the Producing Party.

---

[1] The parties dispute whether the prosecution bar should include individuals' involvement in post-issuance reexamination and reissue proceedings on behalf of the patentee.  For convenience, the parties have agreed to address that dispute separately and submit this Agreed Protective Order which does not prohibit such involvement. The parties agree that in the event that the prosecution bar is modified, the modified prosecution bar will apply retroactively as if included in this Agreed Protective Order.

11.     Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only" consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only" information, irrespective of which party produced such information.

12.     A party shall not be obligated to challenge the propriety of a designation as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only," the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only."

The designating party shall be required to move the Court for an order preserving the designated status of such information with ten (10) business days of receipt of the written

objection, and failure to do so shall constitute a termination of the restricted status of such item. If the party designating the information as Classified Information timely makes the motion, the information shall be treated in the manner designated until such time as the Court rules on the motion.

The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

13.   Nothing shall be designated as "Highly Confidential – Attorneys' Eyes Only" information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties.  Nothing shall be regarded as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information if it is information that either:

(a)    is in the public domain at the time of disclosure, as evidenced by a written document, except that if the accuracy of such information is confirmed only by designated confidential materials, then the information shall not be considered to be in the public domain.  For example, unsubstantiated media speculations or rumors that are later found to be accurate are not "public domain" information;

(b)    becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c)    a receiving party can show by written document that the information was in the unrestricted, rightful and lawful possession of that receiving party; or

(d)    the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

14.    In the event a party wishes to use any "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only" information used therein shall be filed under seal with the Court.

15.    The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions or other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only" information by a party to this action.

16.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information, including depositions, shall be subject to the provisions of this Order.

17.    Within one-hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any source code, documents and all reproductions of documents, or tangible

items produced by a party in the possession of any of the persons qualified under Paragraphs 3(a) through (f) shall be destroyed or returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial.  As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

18.    This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only" information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his party client, the attorney shall not disclose the specific contents of any "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential Source Code – Outside Counsel Only" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

19.    Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

20.     Execution of this Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Classified Information, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

21.     In the event that any person in possession of any Classified Information seeks to submit such information to the United States Patent and Trademark Office ("PTO") (such as pursuant to a duty of disclosure), such person shall submit a written request to counsel of record for the producing party of the Classified Information (or to an appropriate representative if the producing party has no counsel of record) specifically identifying the Classified Information sought to be disclosed to the PTO.  The producing party shall have five (5) business days to state any objection to such disclosure to the PTO.  If no timely objection is made, the person may submit the specified Classified Information to the Patent Office under seal pursuant to Section 724.02 of the Manual of Patent Examining Procedure and clearly labeled "Subject to Protective Order."  If timely objection is made, the parties shall confer in good faith in an attempt to resolve the objection.   If the objection cannot be resolved, the producing party shall have ten (10) business days from the date of its objection to file a motion seeking Court relief, and the specified Classified Information shall not be disclosed to the Patent Office absent Court order.  If no such motion is filed with the Court within the ten (10) business days allowed, then the disclosure may be made as proposed by the receiving party.

22.     Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purposes, its own Classified Information.

23.     This Agreed Protective Order was extensively negotiated by the parties to this action and is designed to protect the Confidential Information of the parties based on the specific needs of the parties and the circumstances of this case.  This Agreed Protective Order shall not be used for precedential effect, or cited as having precedential value, against any party hereto in any other action.

SIGNED AND ENTERED this _____ day of _____, 2011.

_____
THE HONORABLE ORLANDO GARCIA
UNITED STATES DISTRICT JUDGE

*AGREED AS TO FORM AND SUBSTANCE:*

<br/>

R. LAURENCE MACON
State Bar No. 12787500
lmacon@akingump.com
KIRT S. O'NEILL
State Bar No. 00788147
koneill@akingump.com
JANIE A. SHANNON
State Bar No. 00797416
jshannon@akingump.com
DANIEL MOFFETT
State Bar No. 24051068
dmoffett@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1600 Bank of America Plaza
300 Convent Street
San Antonio, Texas  78205
(210) 281-7000 telephone
(210) 224-2035 facsimile

ATTORNEYS FOR PLAINTIFF,
INDACON, INC.

RICARDO G. CEDILLO
State Bar No. 04043600
rcedillo@lawdcm.com
TROY A. GLANDER
State Bar No. 00796634
tglander@lawdcm.com
MARK W. KIEHNE
State Bar No. 24032627
mkiehne@lawdcm.com
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas  78212
(210) 822-6666 telephone

ATTORNEYS FOR DEFENDANT,
FACEBOOK, INC.


HEIDI L. KEEFE
CA Bar No. 178960
hkeefe@cooley.com
MARK R. WEINSTEIN
CA Bar No. 193043
mweinstein@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000 telephone

and

LOWELL D. MEAD
CA Bar  No. 223989
lmead@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
(415) 693-2000 telephone

OF COUNSEL FOR DEFENDANT
FACEBOOK, INC.