IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| INDACON, INC. | § | |
| | § | |
| PLAINTIFF, | § | Civil Action No. 5:10-cv-966-OLG |
| | § | |
| v. | § | |
| | § | JURY DEMAND |
| FACEBOOK, INC., | § | |
| | § | |
| DEFENDANT. | § | |

**FACEBOOK'S RESPONSE TO SUPPLEMENT IN SUPPORT OF
FACEBOOK'S MOTION FOR PROTECTIVE ORDER
REGARDING PAPER COPIES OF SOURCE CODE**

Facebook submits this response to the Supplement filed by Indacon (Dkt. No. 77) regarding Facebook's pending Motion for Protective Order Regarding Paper Copies of Source Code ("Facebook's Motion") (Dkt. No. 33). Indacon's Supplement mischaracterizes both the terms of the Agreed Protective Order and Facebook's compliance with those terms. Facebook's Motion should be granted.

As set forth in Facebook's Motion, the parties negotiated and agreed upon, and the Court ordered, specific terms under which Facebook would make available its highly confidential source code for Indacon's inspection on a secure computer in San Antonio. Facebook first made the code available for inspection in early May 2011. For the past seven months, Indacon's counsel and qualified experts/consultants have been free to review and analyze the code for as much time as they need.

Facebook has fully complied with both the letter and the spirit of the Agreed Protective Order. Because Facebook's source code is extremely confidential and sensitive to potential misappropriation, the Agreed Protective Order expressly prohibits any printed copies of

1.

Facebook's source code except limited portions of code that Indacon certifies are necessary "for attaching ... to court filings, expert reports, or infringement contentions," or for use as exhibits. (Dkt. No. 29 at ¶ 8(e).)  The Agreed Protective Order also specifies that Indacon "shall not print Source Code in order to review blocks of Source Code in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer." (*Id*.)

Despite the Agreed Protective Order's clear provisions, Indacon has repeatedly requested paper copies of Facebook source code that do not comply with these provisions.  Indacon improperly requests multiple paper copies of over-inclusive sets of complete source code files for purposes of review outside of the protection of the Source Code Computer, rather than limited relevant excerpts necessary for attachment to litigation documents.  Indacon previously requested copies of 212 pages of source code, which are at issue in Facebook's Motion, and recently requested copies of an additional 465 pages of code, bringing the total number of requested pages of printed code to 675.

With respect to Indacon's recent requests (see Supplement Exs. A, C), there is no basis for Indacon to take away three copies of 465 pages of source code (in addition to the 212 pages previously requested) for purported "preparation" of an expert report and contentions and for deposition preparation—that is, for <u>reviewing</u> the code in preparation—or to "retain" this over-inclusive set of code for attachment to unspecified future expert reports.  Pursuant to the procedure set forth in the Agreed Protective Order, Facebook will soon file a further motion for protective order regarding Indacon's recent requests.

Contrary to Indacon's suggestion, Facebook declines Indacon's requests not based on a "unilateral and self-serving determination" as to what should be attached to Dr. Kerschberg's report (Supplement at 4), but because Indacon has not shown any need or basis to attach an ever-growing stack of hundreds of pages of over-inclusive, complete source code files to any upcoming expert report or contentions, let alone to "retain" this highly sensitive material outside

of the secure Source Code Computer room until the later expert discovery phase of this case.[1] For both the copies at issue in Facebook's Motion and the copies Indacon has recently requested, it is clear that Indacon's intent is to print over-inclusive material and take away the printouts for review outside the secure computer, which the Agreed Protective Order prohibits.

Indacon also misleadingly suggests that Facebook has withheld "all" of the requested pages and refuses to provide "any" of the requested pages. (Supplement at 2.) In fact, Facebook has repeatedly asked Indacon to narrow its requests, especially given the extraordinary sensitivity of the complete source code files that Indacon requests, but Indacon has never agreed to narrow its overbroad requests by even a single page or line of code. Facebook is left with no choice but to seek the Court's relief. In the meantime, Indacon's counsel and consultants/experts remain free to review and analyze the code on the secure computer, so that Indacon's preparation of its case is not prejudiced.

Finally, Indacon's allegations that Facebook "forced Indacon to bring its testifying expert to San Antonio in the last week of November" and that "Dr. Kerschberg was forced to spend his Thanksgiving break reviewing code" are false and misleading. First, as noted above, the Agreed Protective Order specifies that the only place Facebook's code can be reviewed in the first instance is on the secure computer in San Antonio. If Indacon chooses to work with an expert based in Virginia—despite the many well-qualified computer scientists based in San Antonio and elsewhere in Texas—then it is Indacon that has "forced" itself to incur travel costs. Second, Indacon could have scheduled its expert to review the code any time between May and November 2011. Facebook did not "force" Indacon to squander those six months. Third, Dr. Kerschberg did not visit the source code computer during the Thanksgiving week as Indacon implies; he visited the week after Thanksgiving, between Tuesday November 29 and Friday December 2.

---

[1] Indacon will not have any expert report due in this case until four weeks following the Court's issuance of a claim construction order. (See Dkt. No. 32.)

For the reasons set forth in Facebook's Motion and set forth above, Facebook's motion should be granted.

Dated:  December 15, 2011

/s/ *Heidi L. Keefe*
Heidi L. Keefe

OF COUNSEL:

Heidi L. Keefe (pro hac vice)
Mark R. Weinstein (pro hac vice)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone:     (650) 843-5000
Fax:               (650) 849-7400
hkeefe@cooley.com
mweinstein@cooley.com

Michael G. Rhodes (pro hac vice)
Lowell D. Mead (pro hac vice)
COOLEY LLP
101 California Street – 5th Floor
San Francisco, CA 94111-5800
Telephone:     (415) 693-2000
Fax:               (415) 693-2222
mrhodes@cooley.com
lmead@cooley.com

Ricardo G. Cedillo (TX Bar # 04043600)
Troy A. Glander (TX Bar # 00796634)
Mark W. Kiehne (TX Bar # 24032627)
Davis, Cedillo & Mendoza, Inc.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Phone: (210) 822-6666
rcedillo@lawdcm.com
tglander@lawdcm.com
mkiehne@lawdcm.com


*Attorneys for Defendant Facebook Inc.*

5.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically in compliance with Local Rule CV-5(a).  As such, the foregoing document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1). Pursuant to Fed. R. Civ. P. 5(a)-(d) and Local Rule CV-5(b)(2), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 15th day of December, 2011.

                                                 */s/ Heidi L. Keefe*  
                                                 Heidi L. Keefe