```
              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF TEXAS
                  SAN ANTONIO DIVISION

INDACON, INC.                    *
                                 *
          Plaintiff,             *
                                 *
     v.                          *  CIV. NO. SA-10-CA-966-OLG
                                 *
FACEBOOK, INC.,                  *
                                 *
          Defendant.             *
```

## ORDER

Before the Court is plaintiff Indacon's motion to compel the deposition of Facebook, Inc. (docket nos. 86 and 102), to which motion defendant, Facebook, has responded (docket no. 95). Additionally, the Court considers Facebook's Sealed Second Motion for Protective Order Regarding Paper Copies of Source Code (docket nos. 89 and 87), to which Indacon has responded (docket no. 85), and Facebook's Sealed Motion to Modify Protective Order in View of Patent Reexamination, (docket nos. 90 and 96), to which plaintiff has also responded (docket no. 94). Upon consideration of the motions, responses, and applicable law, Indacon's motion to compel is **DENIED** (docket no. 86), Facebook's Motion for Protective Order is **DENIED** (docket no. 89), and Facebook's Motion to Modify Protective Order is **DENIED** (docket no. 90).

## DISCUSSION

### *I. Indacon's Motion to Compel*

Plaintiff complains that it requested a deposition pertaining to "Topic 2", regarding "all facts and circumstances relating to

the creation, manufacture, supply and distribution of each Accused Product" but sought to delay deposing the corporate witness as to "Topic 1", regarding "all facts and circumstances relating to the design, development, and function of the Accused Products," until after Facebook produced documents relating to the same. Alternatively, Indacon agreed to depose the witness as to both topics provided it could redepose the witness as to Topic 1 after receiving the discovery previously withheld by Facebook.  Facebook objects to subjecting its witness to more than one deposition; accordingly, Indacon filed the present motion, seeking to compel Facebook to produce a Rule 30(b)(6) witness to testify on Facebook's behalf regarding Topic 2 with the assurance that it can later redepose the witness after receiving the requested discovery.

Initially, Facebook maintains that no order is necessary as it is prepared to provide a corporate witness to testify regarding Topic 2.  Facebook further maintains, however, that its witness is only required to give his deposition once in this case and that if Indacon chooses to depose the witness solely as to Topic 2, or as to both Topics 1 and 2, that it may not later redepose the witness. Indacon argues that it has been denied critical documents that it is entitled to, the absence of which would greatly hinder its attempts to depose Facebook's witness as to Topic 1.

Indacon argues, in the instant motion to compel, that Facebook's deficient document production is the subject of a motion to compel document production, docket no. 61.  Subsequent to the

completion of briefing on the instant motion, the Court granted in part and denied in part Indacon's motion to compel document production which it contends is the basis for being unprepared to proceed with the deposition on Topic 1. (Docket no. 103). No appeal of that Order was filed, and the time for production of documents pursuant to the Order has passed. Thus, the parties should be fully prepared to go forward with a deposition on both Topics 1 and 2 at this time. Accordingly, Indacon's motion to compel is **DENIED** as moot.

## II. *Facebook's Second Motion for Protective Order Regarding Paper Copies of Source Code*

One week after Indacon filed its motion to compel the Rule 30(b)(6) deposition, Facebook filed, under seal, its second motion for protective order regarding paper copies of the Source Code.[1] (Docket no. 89). Facebook argues that pursuant to the Agreed Protective Order, Facebook's Source Code is available for review on a secure stand-alone computer in San Antonio; however, no printed copies of the Source Code may be made except when "limited relevant portions are necessary to attach to court filings, expert reports, or similar papers." Facebook complains that Indacon has requested multiple paper copies of hundreds of pages of the Source Code which do not meet the exception stated above and, which are highly sensitive and confidential. Facebook moves for an order ruling

---

[1] The excerpts of the Source Code requested by Indacon appear to be at the heart of both Indacon's motion to compel Facebook's deposition, discussed earlier in this Order, and Facebook's motion for protective order.

3

that it is not required to provide these copies to Indacon.

Generally, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense...." **FED.R.CIV.P. 26(b)(1)**. "Courts construe discovery rules liberally to serve the purposes of discovery: providing the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 132 (E.D.Tx. 2003). Upon motion, however, a court shall issue a protective order with regard to a request for relevant discovery only upon the movant's showing of "good cause" and which "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". **FED.R.CIV.P. 26(c)**; *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). A showing of "good cause" requires only that a sound basis or legitimate need to take judicial action exists. *Landry v. Airline Pilots Ass'n Int'l, AFL-CIO*, 901 F.2d 404, 435-436 (5th Cir. 1990).

Here, the parties agreed to the terms of a Protective Order on May 9, 2011. (Docket no. 29). Pursuant to that agreement, the Source Code may be viewed electronically at the office of the producing party's outside counsel of record Monday through Friday between 8:30 and 5:00, with the exclusion of holidays. (Id., pg. 8). Further, no copies of the Source Code may leave the room in which the Source Code is inspected with the following exceptions:

"[t]he Receiving party may print limited portions of the Source Code when necessary to prepare court filings or pleadings **or other papers** (including a testifying expert's expert report and infringement contentions). (Id., pg. 10)(emphasis added). The PO specifically prohibits printing the Source Code "in order to review blocks of Source Code in the first instance, i.e., as an alternative to reviewing the Source Code electronically on the Source Code Computer." (Id.).

Indacon specifically requested three printed copies of portions of the Source Code, identified by plaintiff's expert as necessary to plaintiff's case, to use to prepare its infringement contentions as well as to prepare for depositions, to assist its expert in preparing his expert report, and to attach to its expert's reports. Arguably, Indacon's requests, which do not appear to have been requested "as an alternative to reviewing the Source Code electronically on the Source Code Computer," comport with the PO in that they are necessary to prepare court filings or pleadings or other papers. Further, Indacon's request for 677 pages, amounts to less than .02% of Facebook's entire Source Code and, does not appear to unreasonable.

Nevertheless, all of Indacon's requests for copies of printed Source Code excerpts have been rejected by Facebook in their entirety, despite the fact that each request included, in accordance with the requirements of the PO, the Bates numbers of the requested copies, the number of copies requested, and a

5

certification as to the intended and proper use of each copy. Notably, in its September 2011 response to Indacon's motion to compel production of documents, Facebook also objected to producing the majority of documents requested, arguing that they were cummulative of Facebook's Source Code, which Facebook touted as containing "[a]ll of the answers Indacon seeks...." Facebook cannot have it both ways. Having "produced" the source code with representations to this Court that all other discovery is cumulative, Facebook cannot now unreasonably hinder Indacon's access to it. This includes unreasonably limiting Indacon's right to have experts review the information at their leisure, and to obtain a printed copy with which it may throughly and efficiently depose Facebook's witnesses.

Finally, although Facebook argues the confidentiality of these documents will be compromised if produced to Indacon, the PO would appear to more than adequately address Facebook's concerns. As Facebook has failed to demonstrate good cause for denying the requested discovery, Facebook's second motion for protective order is **DENIED**.

### III. *Facebook's Second Motion to Modify Protective Order in View of Patent Reexamination*

Facebook states that on December 3, 2011, the U.S. Patent and Trade Office ("PTO") ordered *inter partes* reexamination of claims 19-23 of Indacon's '043 patent. Further, the PTO issued an Office Action rejecting those claims as invalid in view of the prior art.

Facebook represents that Indacon's response to the Action was due on February 3, 2012, and Facebook's responsive Requester's Comments were due thirty (30) days later.  Facebook provides no other deadlines or procedural requirements for the patent reexamination.

Facebook filed the present motion on December 30, 2011, seeking to modify the parties' Agreed Protective Order in view of the patent reexamination ordered on December 3, 2011.  (Docket no. 90).  Facebook seeks to modify the current protective order which includes a "Prosecution Bar" provision that prohibits anyone who has reviewed another party's highly confidential materials "from being involved in prosecuting patent applications in certain technical fields" but does not prohibit participation in reexamination proceedings.[2]  Facebook argues that the Prosecution Bar should include reexamination proceedings and further, that this construction is essential to prevent Indacon from submitting Facebook's highly confidential information to the PTO during its reexamination of Indacon's '043 patent.  Facebook maintains that good cause exists to modify the Prosecution Bar to include reexamination proceedings because 1) Facebook's requested reexamination bar reasonably reflects the risk of misuse or

---

[2] Importantly, the Agreed Protective Order states that the parties are not in agreement as to whether or not the Prosecution Bar excludes reexamination proceedings and "[f]or convenience, the parties have agreed to address that dispute separately and submit this Agreed Protective Order . . . does not prohibit such involvement."  (Docket no. 29, FN. 1, Agreed Protective Order, entered into on May 9, 2011).

disclosure of confidential information;[3] 2) Indacon will not be prejudiced because its regular prosecution counsel or other counsel who have not reviewed Facebook's confidential information, can handle the reexamination; and 3) Indacon's litigation attorneys have indicated they intend to use Facebook's highly confidential technical information in the reexamination.

Notwithstanding its assertions regarding the risk of misuse or disclosure of confidential information, Facebook did not request a hearing on its motion and further, waited almost four weeks after the PTO ordered *inter partes* reexamination of Indacon's '043 patent to file its motion.  Additionally, the deadlines listed by Facebook for submissions by both Indacon and Facebook appear to have since lapsed uneventfully without the need for Court intervention. Moreover, despite Facebook's assertion that Indacon intended to use Facebook's confidential information in the reexamination, Indacon's litigation counsel have apparently abstained from participating in the reexamination process altogether.  Given that the patent reexamination deadlines provided by Facebook have since lapsed, the

---

[3]Facebook seeks to modify the protective order with the following underlined passages, taken from the reexamination bar of the Northern District of California Court's model protective order:

> For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope <u>or maintenance</u> of patent claims. <u>Prosecution includes, for example, original prosecution, reissue and reexamination proceedings. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protect, *ex parte* reexamination or *inter partes* reexamination)</u>.

patent reexamination is well underway, and no confidential information has been disclosed to date, there would appear to be little need to modify the protective order at this point in time. In any event, in light of the foregoing, Facebook has not met its burden of showing "good cause" exists to modify the protective order. **FED.R.CIV.P. 26(c);** *Garrett*, 571 F.2d at 1326 n.3.

Finally, Rule 26(c)(1) requires that the party moving for a protective order must attach a certificate to the motion stating that it conferred or attempted to confer with the other parties in a good-faith effort to resolve the dispute without court action. **FED.R.CIV.P. 26(c)(1).** Here, Facebook's motion to modify the protective order, like Facebook's previous motion for protective order regarding paper copies of Source Code, fails to comply with the mandates of Rule 26. Accordingly, Facebook's motion to modify the protective order is **DENIED.** (Docket no. 90).

It is so **ORDERED.**

**SIGNED** May 7, 2012.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE