

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| INDACON, INC.,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. SA-10-CA-966-OLG |
| FACEBOOK, INC.,<br>Defendant. | §<br>§<br>§<br>§ | |

## ORDER

On this date the Court considered Plaintiff's Motion to Strike Defendant's Designation of Expert Witnesses and Reports as Untimely (docket no. 138) and Defendant's Response thereto (docket no. 140). Plaintiff contends that Defendant's designation of experts and reports served on April, 25, 2014 are untimely under the deadlines set by the Court's Amended Scheduling Order (*see* docket no. 117). Defendant argues the disputed experts' designation and reports were timely filed because they were for "rebuttal" purposes. The Court agrees with Defendant's contention and interpretation of the Court's Amended Scheduling Order, which set April, 25, 2014 as the deadline to designate and submit rebuttal expert reports.

The Court has the authority to control and expedite the discovery process, and has broad discretion in enforcing a scheduling order. *See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *see Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990), *see also* FED. R. CIV. P. 16. Based on the information provided to this Court, the Court finds Defendant's expert designations and reports served on April 25, 2014 "rebut" Plaintiff's claims and reports on infringement and damages. Therefore, the Court DENIES Plaintiff's request to strike Defendant's expert reports as untimely.

Plaintiff also argues that on April 28, 2014, after all the expert report deadlines had passed, Defendant served additional materials to Plaintiff which were related to one of Defendant's rebuttal reports. Given this contention and the fact that this case's trial date has been reset to November 10, 2014, the Court finds merit to grant the parties an extension of time to supplement their expert reports and additional time to depose their experts. Accordingly, the Court GRANTS Plaintiff's motion, insofar it grants both parties an extension of time to supplement their expert reports and extends the expert discovery process.  The Court ORDERS the parties in this case *may not* designate any *new* experts at this time, but *may* supplement their current expert reports.  If so, the parties MUST serve such supplements and any related materials therein **no later than June 27, 2014**. Furthermore, the Court ORDERS the parties may depose designated experts **no later than August 4, 2014**.

Given these extensions of time, the Court hereby AMENDS the remaining scheduling deadlines as follows:

| | |
|---|---|
| **August 4, 2014** | The parties shall complete all expert discovery on or before this date. Counsel may by agreement continue expert discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery. |
| **Within 14 days of report or deposition** | An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within (14) days of receipt of the written report of the expert's proposed testimony, or within (14) days of the expert's deposition, if a deposition is taken, whichever is later. |
| **August 22, 2014** | All dispositive motions shall be filed no later than this date. Dispositive motions as defined in Local Rule CV-7(h) and responses to dispositive motions shall be limited to 20 pages in length.  The parties each reserve the right to move the Court, if necessary, for enlargement of the page number limitations. |
| **September 5, 2014** | Responses to dispositive motions due by this date. |
| **September 12, 2014** | Replies to dispositive motions due by this date. |

| September 17, 2014 | The parties shall mediate this case on or before this date, unless the parties seek an order from the Court excusing them from mediation. |
| --- | --- |
| November 6, 2014 | Joint pretrial order due by this date. Pre-trial conference to be held on this date at 10:00 a.m. |
| November 10, 2014 | Jury selection and trial set for this date at 9:30 a.m. |

Given that this case is almost 3 years-old, the Court notes it will not grant any more time extensions related to these scheduling deadlines unless there is a showing of unexpected and extraordinary circumstances.

It is so ORDERED.

SIGNED this 12 day of May, 2014.

_____
United States District Judge Orlando L. Garcia