UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| INDACON, INC., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CIV. NO. SA-10-CA-0966-OLG |
| | * |
| FACEBOOK, INC., | * |
| | * |
| Defendant. | * |

**O R D E R**

On this day came on to be considered the motion of plaintiff Indacon, Inc. to strike late-produced art, associated individuals, and invalidity contentions. (Docket nos. 119, 123). Indacon contends that defendant Facebook, Inc. produced thousands of pages of new alleged prior art and invalidity contentions, and disclosed its intent to rely on the testimony of two individuals 4-7 weeks after the designated deadline of January 13, 2014. Indacon requests that these designations be stricken. Facebook has responded. (Docket no. 122). Facebook has also filed a Notice of Subsequent Events indicating its belief the motion to strike is moot. (Docket no. 139). The Court is of the opinion the motion to strike should be **DENIED.**

In response to the parties' joint motion to enter a scheduling order, the Court, on November 26, 2013, set January 6, 2014 as the deadline for Facebook to provide a good faith supplementation or amendment of its invalidity contentions, subject to reasonable

supplementation. (Docket no. 117). Indacon agreed to extend this deadline to January 13th. The Court also set a deadline of February 3, 2014 for good faith and substantial completion of document productions, subject to reasonable supplementation. The parties were directed to complete all fact discovery on or before March 17, 2014. Trial was set for July 24, 2014.

According to Indacon's motion to strike, on February 14, 2014, Facebook produced 62 new pieces of alleged prior art. Indacon states that a week later, Facebook disclosed, for the first time, its intent to rely on the testimony of Norman Meyrowitz and Nicole Yankelovich to provide additional evidence of invalidity not disclosed in its contentions. On February 28, 2014, six weeks after the deadline for invalidity contentions, Facebook served Indacon with approximately 170 pages of new invalidity contentions. Along with its new contentions, Facebook produced over 1,000 new documents, including 25 alleged prior art references comprising almost 2,500 pages. Finally, on March 4, 2014, Facebook supplemented its invalidity contentions with another 207 pages.

Indacon asserts that much of the newly-disclosed prior art concerns systems that Facebook was well aware of since it served its preliminary invalidity contentions almost three years ago. Indacon alleges that many of the newly-disclosed references pertain to the Intermedia and MICROCOSM systems, which Facebook knew about since 2011. Indacon contends that, with the close of discovery and trial fast approaching, it would be highly prejudiced if Facebook

2

is allowed to "ambush Indacon with an avalanche" of new prior art and new testimony describing features of alleged prior art systems.

Facebook responds that Meyrowitz and Yankelovich are fact witnesses who were disclosed before the close of fact discovery in regard to a piece of prior art (Intermedia). Facebook states that its February/March 2014 supplement presents a narrow and limited supplement to its January 2014 contentions. Facebook also states that its production of information is in compliance with the Court's November 26, 2013 Amended Scheduling Order which permitted "reasonable supplementation" after the January 6, 2014 deadline. Facebook states that it produced prior art that it discovered after its January 2014 supplement, and then served supplemental contentions regarding that art on February 28 and March 4, 2014. It argues that those contentions are a "reasonable supplementation," focusing Facebook's invalidity defenses and providing detail about five prior art bases, four of which (including Intermedia) Facebook has disclosed to Indacon since 2012.

If, as Facebook contends, it disclosed four of its five prior art challenges in 2012 (see Facebook response, p. 2), then no reason exists for its failure to disclose all of the information and documents by the Court's January deadlines.[1] Facebook states that it produced prior art that it discovered *after* its January 2014 supplement but does not identify that prior art. Furthermore,

---

[1] Facebook acknowledges that Hypertext '91 was not in its January 2014 contentions.

according to Indacon, after the deadlines, Facebook served it with approximately 170 pages of new invalidity contentions, and 1,000 new documents, including 25 alleged prior art references comprising almost 2,500 pages, followed by another 207 pages on March 4, 2014. Facebook's supplementation is well beyond reasonable.

Facebook also indicates that it "disclosed the Intermedia prior art early in this case, including papers by Mr. Meyrowitz and Ms. Yankelovich." (Facebook response, p. 2). Yet, it waited until February 2014 to engage those individuals as witnesses. Facebook states Indacon was offered but declined the opportunity to depose those witnesses prior to the expiration of discovery on March 17, 2014. Indacon responds that it cannot depose the witnesses without reviewing the many pages of documents Facebook untimely produced.

In determining whether to exclude late-produced material, the Court should consider: (1) the explanation for the failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice in allowing the evidence, and (4) the availability of a continuance. ***CQ, Inc. v. TXU Min. Co., L.P.***, 565 F.3d 268, 280 (5th Cir. 2009). As noted, Facebook has not provided any explanation for failing to disclose the evidence by the Court's deadlines. The evidence is clearly important to Facebook and potentially prejudicial to Indacon. Exclusion would be a harsh remedy. While the material was voluminous, Indacon does not contend that it would be subject to being stricken if it had been produced by the January deadlines. On the other hand, permitting

4

the material and witnesses to be used against Indacon without an adequate time for review and discovery, if necessary, would be unjust. Finally, as to the matter of a continuance, Indacon notes that, in its Amended Scheduling Order of November 26, 2013, the District Court stated that it would not grant any more time extensions related to the scheduling deadlines unless there is a showing of unexpected and extraordinary circumstances.

Recently, the District Court reset the trial date, as well as deadlines related to expert discovery and dispositive motions. (Docket no. 142). Trial is now set for November 10, 2014. After consultation with the District Court, this Court is authorized to extend the discovery deadline herein to June 30, 2014 to permit Indacon to depose Meyrowitz and Yankelovich and for the parties to conduct limited discovery with respect to the "supplemental" material produced after the January deadlines supporting its invalidity contentions. No other pretrial deadlines are affected by this Order.

It is so **ORDERED.**

**SIGNED** May 16, 2014.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE