IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| INDACON, INC.<br><br>      Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>      Defendant. | Civil Action No. 5:10-cv-966-OLG<br><br>JURY DEMAND |

**DEFENDANT FACEBOOK INC.'S MOTION FOR CLARIFICATION
OF THIS COURT'S MAY 12, 2014 ORDER**

Defendant Facebook Inc. ("Facebook") brings this motion to respectfully request clarification of the Court's May 12, 2014 Order (the "Order"). (ECF No. 142.) A dispute has arisen between the parties as to the proper scope of "supplements" to the current expert reports by June 27, 2014, as set forth in the Order. The dispute is based on whether the Order permits the parties to (a) supplement existing reports to account for omitted factual information, or (b) supplement for any purpose, including to articulate brand new theories not previously disclosed in the original reports. Indacon Inc. ("Indacon") has taken the position that it is free to change its reports without restriction. For the reasons explained below, Facebook respectfully requests that the Court clarify the Order to make clear that the supplementation is limited to correcting errors or inclusion of omitted factual information.

In particular, the Order denied Indacon's Motion to Strike Facebook's expert reports as untimely, and amended the case schedule. (ECF No. 142 at 1-2.) In the Order, the Court states:

> Plaintiff also argues that on April 28, 2014, after all the expert
> report deadlines had passed, Defendant served additional materials
> to Plaintiff which were related to one of Defendant's rebuttal

1

> reports. Given this contention and the fact that this case's trial date has been reset to November 10, 2014, the Court finds merit to grant the parties an extension of time to supplement their expert reports and additional time to depose their experts. . . . The Court ORDERS the parties in this case *may not* designate any *new* experts at this time, but *may* supplement their current expert reports. If so, the parties MUST serve such supplements and any related materials therein **no later than June 27, 2014**. Furthermore, the Court ORDERS the parties may depose designated experts **no later than August 4, 2014**.

(ECF No. 142 at 2 (italics, capitals, underline, and bold in original).) Facebook seeks clarification of the scope of this expert report supplement.

The parties conducted a meet-and-confer prior to the filing of this motion. That discussion confirmed that Indacon and Facebook interpret the Order differently. Facebook is concerned that Indacon's broad reading of the Order could result in Indacon attempting to introduce new theories of infringement or damages not set forth in its original reports or contentions, forcing Facebook to move to strike these improper theories retroactively as violative of Rule 26. To avoid any potential waste of time and effort by the parties and the Court, Facebook is proactively seeking clarification.

Facebook believes that the scope of the supplementation is limited to factual information that was missing or inadvertently omitted from the parties' original reports. This reading is supported by the Court's observation, in allowing the parties to supplement their reports by June 27, that Facebook produced certain underlying materials on April 28 (one business day after the service of its rebuttal reports on April 25). The materials Facebook produced pertained to underlying factual materials for one of Facebook's survey experts. In addition, this reading is also consistent with the wording in the Order that the supplement is permitted only as to the same experts and to the "*current* expert reports." (ECF No. 142 at 2 (emphasis added).)

2

Moreover, the Court's Order does not provide a date for the parties to respond or further rebut the supplemental reports served on June 27, 2014.  (ECF No. 142 at 2.)  It would be manifestly unfair to allow a party to "supplement" an expert report on June 27 to introduce new theories or arguments without allowing the opposing party to supplement its corresponding rebuttal report.  The lack of any further rebuttal date suggests that the scope of the supplementation was intended to allow corrections to the parties' reports, or inclusion of omitted factual information, but not permitting disclosure of brand new theories or arguments.  This scope of "supplement" is also consistent with the definition of supplementation in the Federal Rules of Civil Procedure.  Under Federal Rule of Civil Procedure 26(e)(1)(A) "Supplementing Disclosures and Responses," supplementation is limited to "incomplete or incorrect" materials:

> (1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> > (A) in a timely manner if the party learns that in some material respect *the disclosure or response is incomplete or incorrect*, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

FED. R CIV. P 26(e)(1)(A) (emphasis added).  Thus, consistent with the Federal Rules of Civil Procedure, Facebook contends that the scope of the possible "supplements" to the expert reports is limited to additional factual materials or to correct errors in the reports.

## CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court grant this motion for clarification of the May 12, 2014 Order, and confirm that the "supplement" to the expert

reports is limited to correcting errors or inclusion of factual information not provided with the original reports, but does not permit new substantive theories or arguments.

Dated: May 20, 2014

OF COUNSEL:

Michael G. Rhodes (admitted *pro hac vice*)
COOLEY LLP
101 California Street – 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Fax: (415) 693-2222
mrhodes@cooley.com

Heidi L. Keefe (admitted *pro hac vice*)
Mark R. Weinstein (admitted *pro hac vice*)
Lowell D. Mead (admitted *pro hac vice*)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Fax: (650) 849-7400
hkeefe@cooley.com
mweinstein@cooley.com
lmead@cooley.com
estameshkin@cooley.com

Respectfully submitted,

*/s/ Heidi L. Keefe*
      Heidi L. Keefe

Ricardo G. Cedillo (TX Bar # 04043600)
Mark W. Kiehne (TX Bar # 24032627)
Davis, Cedillo & Mendoza, Inc.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 822-6666
rcedillo@lawdcm.com
mkiehne@lawdcm.com

*Attorneys for Defendant Facebook, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served electronically in compliance with Local Rule CV-5(a).  As such, the foregoing document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).  Pursuant to Fed. R. Civ. P. 5(a)-(d) and Local Rule CV-5(b)(2), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 20th day of May, 2014.

*/s/ Heidi L. Keefe*
Heidi L. Keefe